# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK F. DEMERY, et al., | CASE NO. 1:10-cv-00880-SMS PC |
| Plaintiffs, | ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK'S OFFICE TO OPEN NEW ACTIONS FOR PLAINTIFFS RUIZ AND MARTINEZ |
| v. | |
| A. ENENMOH, et al., | |
| Defendants. | (Doc. 1) |

I.  Severance of Plaintiffs' Claims

Plaintiffs Patrick F. Demery, Ramiro Ruiz, and Antonio J. Martinez are state prisoners proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.[1] After reviewing the complaint, the Court has determined that each Plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "[a]ny claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000); Maddox v. County of Sacramento, No. 2:06-cv-0072-GEB-

---

[1] Plaintiffs state that this litigation is a class action. However, Plaintiffs are not attorneys and are proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by Plaintiffs rather than as a class action.

1

1  EFB, 2006 WL 3201078, *2 (E.D.Cal. Nov. 6, 2006).

2      Plaintiffs are currently housed at the California Substance Abuse Treatment Facility. In the
3  Court's experience, an action brought by multiple plaintiffs proceeding pro se in which one or more
4  of the plaintiffs are incarcerated presents procedural problems that cause delay and confusion. Delay
5  often arises from the frequent transfer of inmates to other facilities or institutions, the changes in
6  address that occur when inmates are released on parole, and the difficulties faced by inmates who
7  attempt to communicate with each other and other unincarcerated individuals. Further, the need for
8  all plaintiffs to agree on all filings made in this action, and the need for all filings to contain the
9  original signatures of all plaintiffs will lead to delay and confusion. Therefore, Plaintiffs' claims
10 shall be severed, Plaintiff Demery shall proceed as the sole plaintiff in this action, and new actions
11 shall be opened for Plaintiffs Ruiz and Martinez. Gaffney v. Riverboat Serv. of Indiana, 451 F.3d
12 424, 441 (7th Cir. 2006). Each Plaintiff shall be solely responsible for prosecuting his own action.

13     Since the claims of Plaintiffs Ruiz and Martinez will be severed, each Plaintiff shall be given
14 thirty days to file, in his own action, a completed application for leave to proceed in forma pauperis,
15 using the form provided by the Court with this order.

16 II.    <u>Applications to Proceed In Forma Pauperis</u>

17     All three Plaintiffs filed incomplete applications to proceed in forma pauperis on May 17,
18 2010. The applications did not include the required original signature by an authorized officer of
19 the institution of incarceration, and Plaintiffs did not include a certified copy of their respective
20 prison trust account statements for the six month period immediately preceding the filing of the
21 complaint. 28 U.S.C. § 1915(a)(2). Plaintiffs are provided the opportunity to submit a new
22 application to proceed in forma pauperis and a certified copy of their trust account statements, or to
23 pay the $350.00 filing fees.

24 III.    <u>Order</u>

25     Accordingly, based on the foregoing, it is HEREBY ORDERED that:

26     1.    Plaintiff Demery shall proceed as the sole plaintiff in case number 1:10-cv-00880-
27         SMS PC;

28     2.    The claims of Plaintiffs Ruiz and Martinez are severed from the claims of Plaintiff

        Demery;

3.    The Clerk of the Court is directed to:

    a.    Open two separate civil actions for Plaintiffs Ruiz and Martinez;

    b.    Assign the new actions to the magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c.    File and docket a copy of this order in the new actions opened for Plaintiffs Ruiz and Martinez;

    d.    Place a copy of the Complaint, filed on May 17, 2010, in the instant action in the new actions opened for Plaintiffs Ruiz and Martinez;

    e.    Send Plaintiffs Ruiz and Martinez each an endorsed copy of the complaint, filed May 17, 2010, bearing the case number assigned to his own individual action;

    f.    Send Plaintiffs Demery, Ruiz, and Martinez each an application to proceed in forma pauperis by a prisoner;

4.    Within **thirty (30) days** from the date of service of this order, Plaintiffs Demery, Ruiz, and Martinez shall each either pay the filing fee in full or file a completed application to proceed in forma pauperis bearing his case number;

5.    <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:**    **May 26, 2010**                  /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE