# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO J. MARTINEZ, | CASE NO. 1:10-cv-00962-OWW-SKO PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS |
| v. | |
| A. ENENMOH, et al., | (Doc. 4) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

**I.      Screening Requirement and Standard**

Plaintiff Antonio J. Martinez, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 17, 2010. Pending before the Court is Plaintiff's amended complaint, filed June 28, 2010.[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

---

[1] Plaintiff originally filed case number 1:10-cv-00880 along with inmates Ruiz and Demery. On June 1, 2010, the Court severed the inmates' claims from one another, directed the Clerk of the Court to open separate actions for Plaintiff and inmate Ruiz, and ordered all three inmates to file amended complaints.

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Iqbal, 129 S.Ct. at 1949; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**II.     Plaintiff's Amended Complaint**

    **A.     Summary of Allegations**

Plaintiff, who is incarcerated at the California Substance Abuse Treatment Facility in Corcoran, brings this action against Defendant Villasenor, a licensed vocational nurse, for refusing to give Plaintiff his pain medication on November 19, 2007. Defendant Villasenor told Plaintiff that his prescription expired on November 16, 2007, but Plaintiff alleges that his prescription did not expire until December 6, 2007, and Defendant's excuse was belied by the fact that she delivered Plaintiff's medication to him on November 17, 2007, and November 18, 2007.

On another occasion, Defendant Villasenor had Plaintiff's cellmate sign for Plaintiff's medication in his absence. When Plaintiff questioned Defendant Villasenor on what authority she allowed another inmate to sign for his medication, Defendant told Plaintiff he should be happy he received his vitamins.

Plaintiff filed inmate appeals regarding the incidents. Defendants Stice and Nicholas, both supervising registered nurses, claimed they conducted an investigation, but they found that Defendant Villasenor did not violate prison policy with respect to either incident. Plaintiff pursued his appeals to the next level of review, where Defendant Enenmoh, the Chief Medical Officer, sustained Defendants Stice and Nicholas's findings.

On October 8, 2009, Plaintiff filed another inmate appeal seeking pain medication, but Defendant Miller, a health care appeals coordinator, rejected his appeal. Defendant Miller informed him that the issue should be raised in a CDCR form 7362 (sick call slip) and said he could not use an inmate appeal to request health care. Plaintiff alleges that he previously requested to see a doctor but he was told that he had to wait to obtain pain medication, so he was filing an inmate appeal concerning the length of time it was taking to receive proper medical attention. Plaintiff made several attempts to persuade Defendant Miller to consider the appeal, but Defendant hindered his attempts and Plaintiff was subsequently unsuccessful in seeking redress at the third and final level of appeal.

**B.     Eighth Amendment Medical Care Claim**

Plaintiff alleges that Defendants Villasenor and Enenmoh violated his rights under the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be

3

drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

      Plaintiff's allegations are insufficient to support a plausible claim for relief against Defendant Villasenor or Defendant Enenmoh for violation of the Eighth Amendment.  The failure to deliver Plaintiff's pain medication on one occasion simply does not support a claim for cruel and unusual punishment, O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990), and neither does requesting or requiring Plaintiff's cellmate to sign for Plaintiff's medication in his absence.  The latter allegation is patently frivolous, as the Eighth Amendment is intended to shield Plaintiff from nothing short of inhumane conditions of confinement.  Farmer, 511 U.S. at 832; Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

      **C.**    **Due Process Claim**

      Plaintiff alleges that Defendants Stice, Nicholas, and Enenmoh failed to conduct a thorough, complete investigation into his allegations against Defendant Villasenor and that they purposely overlooked her "indiscretions," in violation of his due process rights. (Doc. 4, Amend. Comp., court record p. 11.)  Plaintiff alleges that Defendant Miller violated his due process rights by hindering his ability to file an inmate appeal.

      Defendants Stice, Nicholas, Enenmoh, and Miller were not personally involved in the denial of Plaintiff's pain medication or in the delivery of Plaintiff's medication to another inmate, Iqbal, 129 S.Ct. at 1949; Jones, 297 F.3d at 934, and the existence of a grievance process does not create a protected liberty interest entitling Plaintiff to a particular result or allowing Plaintiff to seek redress under the Constitution for the violation of any procedural protections set forth in the governing state regulations, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Thus, Defendants Stice, Nicholas, and Enenmoh's failure to conduct a proper investigation and their denial of Plaintiff's appeal do not give rise to a claim under section 1983, and

///

Defendant Miller's decision to screen out Plaintiff's appeal on the ground that the issue was not an appropriate appeal issue does not give rise to a claim.[2]

### III. Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file a second amended complaint curing those deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's amended complaint, filed June 28, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;

---

[2] Plaintiff's claim against Defendant Miller is also subject to dismissal under Rule 18, which precludes Plaintiff from bringing unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected).

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint; and

4. If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **May 13, 2011**                         /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE